1 CIT/ ESERVE  Case 3:19-cv-00625-S   Document 1-1   Filed 03/13/19   Page 1 of 9   PageID 7

FILED
DALLAS COUNTY
2/22/2019 3:11 PM
FELICIA PITRE
DISTRICT CLERK

JAVIER HERNANDEZ

DC-19-02691

CAUSE NO. _____

| | | |
|---|---|---|
| THE WHITING-TURNER CONTRACTING COMPANY, | § § § § § § § § § § § § § | IN THE DISTRICT COURT |
| Plaintiff, | | |
| v. | | F-116 ____TH JUDICIAL DISTRICT |
| AMERICAN STRUCTURES, INC. and OLD REPUBLIC INSURANCE COMPANY d/b/a OLD REPUBLIC SURETY COMPANY, | | |
| | | DALLAS COUNTY, TEXAS |
| Defendants. | | |

### PLAINTIFF'S ORIGINAL PETITION

The Whiting-Turner Contracting Company (**"Whiting-Turner"**), as Plaintiff, files this Original Petition against Defendants American Structures, Inc. (**"ASI"**) and Old Republic Insurance Company d/b/a Old Republic Surety Company (**"Old Republic"**) and, in support thereof, would respectfully show the following:

### I.
### DISCOVERY CONTROL PLAN

1.  Whiting-Turner intends for discovery to be conducted under Level 3. TEX. R. CIV. P. 190.4.

2.  Whiting-Turner seeks monetary relief of over $1,000,000. TEX. R. CIV. P. 47.

### II.
### THE PARTIES

3.  Plaintiff Whiting-Turner is a corporation organized under the laws of the State of Maryland and registered to do business in Texas. It regularly conducts business in Texas.

4.  Defendant ASI is a corporation organized under the laws of the State of

Wisconsin with, at all relevant times, its home office located in Menomonie, Wisconsin. ASI is registered to do business in Texas and, upon information and belief, regularly conducts business in Texas. It can be served through its registered agent for service of process in Texas, Northwest Registered Agent, LLC, 700 Lavaca, Suite 1401, Austin, Texas 78701.

5. Defendant Old Republic is a corporation organized under the laws of the State of Pennsylvania. Upon information and belief, its home offices are located at 414 W. Pittsburgh Street, Greensburg, Pennsylvania 15602 and 445 S. Moorland Road, Suite 200, Brookfield, Wisconsin 53005. Old Republic is not registered to do business in Texas, does not have a regular place of business in Texas, and does not have a registered agent for service in Texas. The following causes of action arise out of business which Old Republic engaged in the State of Texas because, among other reasons, Old Republic issued a performance bond for construction of a project located in Dallas, Texas. Accordingly, Old Republic may be served with process by serving the Secretary of State of Texas. TEX. CIV. PRAC. & REM. CODE § 17.044.

### III.
### JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over this action as Whiting-Turner seeks monetary damages within the Court's jurisdictional limits.

7. This Court has personal jurisdiction over Defendants and venue is proper in this Court because all or a substantial part of the events giving rise to the parties' disputes occurred in Dallas County, Texas. Moreover, Defendants entered into and performed contracts in Texas, including contracts for construction of a project in Texas.

## IV.
## BACKGROUND

8.  Whiting-Turner is the general contractor on the WhiteWave Foods Wastewater Pre-Treatment Plant in Dallas, Texas (the **"Project"**). Whiting-Turner entered into a subcontract dated February 7, 2017 (the **"Subcontract"**) with ASI to build and install an equalization tank for the Project. ASI obtained a performance bond (the **"Bond"**) for its scope of work from Old Republic, which named Whiting-Turner as the obligee on the Bond.

9.  Under the Subcontract, ASI agreed to perform its work to the satisfaction of Whiting-Turner and the Project's owner (the **"Owner"**). ASI represented and warranted that it was an expert in the work it had contracted to do, and that it was competent enough to know that the materials and methods specified for its work were sufficient and suitable to achieve the results contemplated by the plans, specifications, and other contract documents. ASI represented that fully understood and could perform the requirements of the contract documents. It warranted that its workmanship and materials would be free of any defects or faults. ASI promised to remedy any defective workmanship and/or materials, along with any damages they had caused, at its own expense and to the satisfaction of Whiting-Turner and the Owner. ASI also agreed to perform its work in a timely manner, and in compliance with the overall Project schedule to avoid delaying construction of the Project. The Subcontract stated clearly that time was of the essence.

10. Under the Project schedule, ASI was required to finish construction and installation of the tank by May 2018. By May 2018, ASI had built the concrete foundation and steel sidewalls of the tank. When these parts of the tank were tested, however, numerous leaks were discovered. Despite repeated requests from Whiting-Turner, and

multiple opportunities to repair the tank and to conduct testing, ASI has been unable to stop the tank from leaking.

11. In August 2018, Whiting-Turner put ASI and Old Republic on notice that ASI was in default under the Subcontract. Whiting-Turner requested that ASI and/or Old Republic correct all defective workmanship and provide a tank that did not leak. To date, ASI and Old Republic have failed to comply with this request, in violation of the terms of the Subcontract and the Bond. As a result, Whiting-Turner has been forced to retain other contractors to repair, remediate, and/or complete ASI's scope of work.

12. The misconduct by ASI and Old Republic have caused substantial damages to Whiting-Turner. These damages include, but are not limited to: the costs to repair, remediate, and/or complete ASI's scope of work under its Subcontract; the costs incurred due to the delays caused by ASI and Old Republic to the construction of the Project, such as extended general conditions and other delay-related costs incurred by Whiting-Turner and its other subcontractors; and claims by the Owner arising from ASI's defective work and delays. ASI also has failed to pay one or more of its subcontractors for their work on the Project.

## V.
## CAUSES OF ACTION

### Count I: Breach of Contract

13. Whiting-Turner restates and incorporates by reference, as though fully set forth herein, all of the foregoing Paragraphs.

14. As set forth above, Whiting-Turner and ASI entered into the Subcontract, which is a valid, enforceable contract. Whiting-Turner performed, tendered performance of, or was excused from performing its contractual obligations. ASI's actions and

inactions materially breached the Participation Agreement. These actions and inactions include, but are not limited to:

    a. failing to complete its scope of work as required under the Subcontract;

    b. failing to perform its work in a good and workmanlike manner, and in compliance with industry standards;

    c. failing to perform its work in compliance with the applicable contract documents and to the satisfaction of Whiting-Turner and the Project's Owner;

    d. failing to correct its defective, deficient, and/or non-conforming work;

    e. failing to perform its work in a timely manner and in compliance with the Project's schedules;

    f. allowing its defective, deficient, and/or non-conforming work to delay the overall construction of the Project; and

    g. failing to pay its subcontractors in full for their work performed on the Project.

15. In addition, ASI has not agreed to defend, indemnify, and hold harmless Whiting-Turner for all claims and damages arising from the actions and/or omissions of ASI and/or ASI's subcontractors, as required under the Subcontract. As discussed above, ASI failed to comply with these obligations with respect to the damages Whiting-Turner incurred directly and the claims by the Owner arising from ASI's defective work and delays. These failures constitute additional material breaches of the Subcontract

16. As discussed above, ASI's material breaches of contract proximately caused damages to Whiting-Turner in an amount within the jurisdictional limits of the

Court.

### Count II: Negligence

17. Whiting-Turner restates and incorporates by reference, as though fully set forth herein, all of the foregoing Paragraphs.

18. ASI had a duty to Whiting-Turner to perform ASI's work in a good and workmanlike manner, free from defects, and in the same manner as a reasonably prudent subcontractor would have under the same or similar circumstances. ASI violated these duties in the manner set forth above. ASI's violations proximately caused damages to Whiting-Turner in an amount within the jurisdictional limits of the Court.

### Count III: Breach of Performance Bond

19. Whiting-Turner restates and incorporates by reference, as though fully set forth herein, all of the foregoing Paragraphs.

20. As set forth above, Old Republic provided the Bond to ASI and Whiting-Turner, which is a valid, enforceable contract. Under the Bond, Old Republic agreed that upon written notice from Whiting-Turner that ASI had defaulted under the Subcontract, Old Republic would either promptly proceed to remedy the default or promptly proceed to complete the Subcontract in accordance with and subject to the Subcontract's terms and conditions. Whiting-Turner performed, tendered performance of, or was excused from performing its contractual obligations. Old Republic then materially breached the Bond by failing to remedy ASI's default and failing to complete the Subcontract. Old Republic's material breaches of the Bond proximately caused damages to Whiting-Turner in an amount within the jurisdictional limits of the Court.

## VI.
## CONDITIONS PRECEDENT

21. All conditions precedent for Whiting-Turner to bring and file these claims against Defendants have been performed, have occurred, or have been waived or excused.

## VII.
## AGENCY

22. At all times and for all events discussed in this pleading, Defendants acted by and through their agents, servants, and representatives, each acting within the course and scope of his or her employment and within the apparent scope of their authority.

## VIII.
## ATTORNEYS' FEES

23. As a result of Defendants' actions, Whiting-Turner has been required to employ the law firm of Griffith Davison & Shurtleff, P.C., to represent Whiting-Turner. Whiting-Turner has agreed to pay its attorneys and is paying for these legal services, and Whiting-Turner is entitled to recover all reasonable and necessary attorneys' fees under the terms of the Subcontract and applicable Texas law. *See* TEX. CIV. PRAC. & REM. CODE §§ 38.001, *et seq.* Additionally, Whiting-Turner seeks all costs of court expended herein. Additionally, Whiting-Turner is entitled to additional sums for reasonable and necessary attorneys' fees incurred in the successful prosecution or defense of any appeal.

## IX.
## INTEREST

24. If Whiting-Turner is allowed to recover under any theory pleaded in the cause against Defendants, Whiting-Turner is entitled to all pre-judgment interest entitled to it at the highest rate allowed by law, and post-judgment interest at the highest rate

allowed by law from the date of the judgment until payment in satisfaction of the judgment is made.

## X.
## REQUESTS FOR DISCLOSURE

25. Pursuant to Texas Rule of Civil Procedure 194, Whiting-Turner requests that Defendants disclose, within 50 days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2.

## XI.
## PRAYER FOR RELIEF

26. Whiting-Turner respectfully prays for the following relief in its favor against the Defendants:

    a. Judgment upon any of the theories, actions, or causes of action or counts pleaded herein for a sum in excess of the Court's minimum jurisdictional amount and for judgment for all other relief enumerated (whether generally or specifically) in this Petition and prayer including, but not limited to, all actual damages and other relief sought;

    b. Judgment for Whiting-Turner's reasonable attorneys' fees, and if this cause requires a trial, for Whiting-Turner's reasonable attorneys' fees for the prosecution or defense of same, and an additional sum (or sums) if this cause is appealed;

    c. Judgment for all pre-judgment interest to which Whiting-Turner is entitled at the highest rate allowed by law;

    d. Judgment for all post-judgment interest to which Whiting-Turner is

entitled at the highest rate allowed by law, from the date of judgment until the satisfaction of same; and

e. Judgment for all costs of court.

Finally, Whiting-Turner requests such other general and special relief, either at law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

**GRIFFITH DAVISON & SHURTLEFF, PC**

By: /s/ Scott Griffith
    Scott Griffith
    State Bar No. 08482150
    sgriffith@griffithdavison.com
    Jason L. Cagle
    State Bar No. 24027540
    jcagle@griffithdavison.com

13737 Noel Road, Suite 850
Dallas, Texas 75240
T: 972-392-8900
F: 972-392-8901

**ATTORNEYS FOR THE WHITING-TURNER CONTRACTING COMPANY**